**WO**                                                                                    JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alfredo Adame-Chavez, | ) | No. CV 05-1214-PHX-MHM |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Alberto R. Gonzales, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Respondent's Motion to Dismiss (Doc. #3).  Petitioner, who is represented by counsel, has not responded to the Motion.  The Motion to Dismiss will be granted and the action will be dismissed as moot.

Petitioner is a native and citizen of Mexico.  On March 25, 2004 an immigration judge found Petitioner removable, but granted his request for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act.  On September 21, 2004, the Board of Immigration Appeals ("BIA") sustained the Government's appeal, reversed the immigration judge's order granting a waiver of inadmissibility and issued its own order for Petitioner's removal to Mexico.

Petitioner filed a petition for review with the Ninth Circuit Court of Appeals.  The court of appeals held that the BIA "acted *ultra vires* in issuing an order of removal in the first instance."  Adame-Chavez v. Gonzales, No. 04-75056, slip op. at 1 (9th Cir. Apr. 18, 2005 (unpublished order) (citing Molina-Camacho v. Ashcroft, 393 F.3d 937, 939 (9th Cir. 2004)).

1   The Ninth Circuit further held that "[b]ecause the BIA did not remand this matter to the

2   Immigration Judge to issue a removal order, no valid final order of removal exists, and we

3   therefore lack jurisdiction over this petition for review."Adame-Chavez v. Gonzales, No. 04-

4   75056, slip op. at 1.  Rather than dismissing the appeal, however, the Ninth Circuit treated

5   the petition for review as a petition for writ of habeas corpus and transferred the action to this

6   Court under 28 U.S.C. § 1631.  The Ninth Circuit instructed this Court to remand the matter

7   to the agency for further proceedings consistent with Molina-Camacho, 393 F.3d at 942 n.

8   4 (if the immigration judge issues an order of removal, the alien would then be permitted to

9   raise the merits of his claims on direct review to the court of appeals).  Adame-Chavez v.

10  Gonzales, No. 04-75056, slip op at 2.

11        In his Motion to Dismiss, Respondent now avers that on May 4, 2005, the BIA

12  remanded the matter to the immigration judge without waiting for an order from this Court.

13  The BIA remanded to the immigration judge "for the entry of an order of removal, as

14  required by the applicable precedent of the relevant circuit."  Motion to Dismiss, Exhibit 1

15  at 2.  Respondent asserts that the action should therefore be dismissed as moot.  The Court

16  agrees.  The action will be dismissed as moot.  If, upon remand, the immigration judge enters

17  a valid final order of removal, Petitioner may then seek direct review in the Ninth Circuit

18  Court of Appeals.  See Molina-Camacho, 393 F.3d at 942 n.4.

19        **IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Doc. #3)

20  is **granted**.  The Petition and this action are **dismissed** as moot.

21        DATED this 8th day of January, 2006.

22

23

24  _____

         Mary H. Murguia
         United States District Judge

25

26

27

28